UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SANDRA CORTEZ                                      CIVIL ACTION

VERSUS

JOHNSON & JOHNSON ET AL.             NO.: 19-232-BAJ-RLB

## RULING AND ORDER

Before the Court is the **Motion (Doc. 9)** of Sandra Cortez to remand this action to the 19th Judicial District Court for the Parish of East Baton Rouge. For the reasons that follow, the **Motion (Doc. 9)** is **GRANTED**.

## I. BACKGROUND

At issue in this products-liability action is bankruptcy jurisdiction over the Louisiana-law claims a terminally ill Louisiana citizen asserted against J&J[1] in a Louisiana court. J&J seeks to compel that citizen to litigate her claims in Delaware based on tenuous ties to a bankruptcy petition filed by one of J&J's cosmetic-talc suppliers. The Court finds the equities dispositive and orders remand under 28 U.S.C. § 1452(b).

---

[1] The Court refers to Johnson & Johnson and Johnson & Johnson Consumer Companies Inc. collectively as "J&J."

1

In November 2018, Sandra Cortez sued J&J, Imerys Talc America, Inc., and K&B Louisiana Corporation in the 19th Judicial District Court for the Parish of East Baton Rouge. (Doc. 1 at p. 21). She alleges that she developed ovarian cancer because she regularly used cosmetic-talc products these companies manufactured, marketed, or sold. (*Id.* at pp. 21–33). She alleges negligence, redhibition, and civil-conspiracy claims under Louisiana law. (*Id.*).

In April 2019, J&J removed the claims[2] against it to this Court under the bankruptcy removal statute, 28 U.S.C. § 1452(a). (Doc. 1). J&J asserts that the Court has jurisdiction under 28 U.S.C. § 1334(b) because this case is "related to" a bankruptcy petition filed by one of its talc suppliers, Imerys Talc America, Inc., in the United States Bankruptcy Court for the District of Delaware. (*Id.*). This case is related to that one, J&J asserts, because (1) Imerys Talc America, Inc. may have a duty to indemnify J&J against Cortez's claims, (2) Imerys Talc America, Inc. and J&J share insurance, and (3) Imerys Talc America, Inc. and J&J share an "identity of interest." (*Id.*).

Cortez's claims are serious but not unique. Thousands of plaintiffs across the nation have sued J&J on a similar theory: the use of J&J cosmetic-talc products causes the user to develop cancer. J&J's basis for removal is not unique, either. J&J has removed thousands of state-court talc suits based on an alleged link to the Imerys Talc America, Inc. bankruptcy. In the Middle District of Louisiana alone, J&J has

---

[2] J&J's claims against K&B Louisiana Corporation are pending in state court. *Compare* 28 U.S.C. § 1452(a) (allowing a party to remove a "claim" or "cause of action") *with* 28 U.S.C. § 1441(a) (allowing a "defendant" to remove a "civil action").

removed at least nine suits. *See* Civil Action Nos. 19-230-SDD-EWD, 19-231-BAJ-EWD, 19-233-JWD-EWD, 19-234-SDD-RLB, 19-240-SDD-EWD, 19-242-SDD-EWD, 19-250-BAJ-JW, 19-253-JWD-EWD, 19-255-SDD-RLB.

Meanwhile, in Delaware, J&J has invoked 28 U.S.C. § 157(b)(5) and moved the United States District Court for the District of Delaware to "fix" venue for all similar talc suits. (Doc. 1 at ¶¶ 7–8). J&J's motion is fully briefed.[3] *See In re Imerys Talc America, Inc.*, No. 1-19-MC-103-MN (D. Del. 2019).

Now, Cortez moves to remand. (Doc. 9). She argues that the Court lacks related-to jurisdiction and the equities favor remand. (*Id.*). She emphasizes her poor prognosis and her right to an expedited trial in state court. (*Id.*). J&J opposes remand and urges the Court to await the United States District Court for the District of Delaware's ruling on its venue motion. (Doc. 14).

## II. LEGAL STANDARD

This Court is a court of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It "may not exercise that jurisdiction absent a statutory basis[.]" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Because J&J removed this case, J&J "'bears the burden of showing that federal jurisdiction exists and that removal was proper.'" *Barker v. Hercules Offshore,*

---

[3] The District of Delaware denied J&J's motion to provisionally fix venue—styled an "Emergency Provisional Transfer Motion"—and observed that J&J sought the "transfer of essentially every talc case pending against it, irrespective of the facts." Docket entry 34, *In re Imerys Talc America, Inc.*, No. 1-19-MC-103-MN (D. Del. May 9, 2019).

3

*Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722, 723 (5th Cir. 2002)).

### III. DISCUSSION

The parties filed lengthy briefs on the timeliness of removal, mandatory abstention, and related-to jurisdiction. (Docs. 9, 14). But this Court, like hundreds of others, finds the equities dispositive. *See, e.g., In re State Court Talc Actions*, __ F. Supp. 3d __, 2019 WL 2497856, at *4 (S.D.N.Y. June 4, 2019); *Wiman v. Triangle Enters., Inc.*, No. 5:19-CV-59-GNS, 2019 WL 2341671, at *2 (W.D. Ky. June 3, 2019); *In re Removed State Court Talc Actions*, No. 19-CV-3076-CJC, 2019 WL 2191808, at *4 (C.D. Cal. May 21, 2019). The Court therefore assumes that removal was timely and related-to jurisdiction is present.

The Court may remand claims removed under 28 U.S.C. § 1452(a) "on any equitable ground." 28 U.S.C. § 1452(b). Section 1452(b) grants the Court "broad discretion" to remand; any of the following grounds will suffice:

(1) Forum non conveniens;
(2) A holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court;
(3) A holding that a state court is better able to respond to questions involving state law;
(4) Expertise of the particular court;
(5) Duplicative and uneconomic effort of judicial resources in two forums;
(6) Prejudice to the involuntarily removed parties;
(7) Comity considerations; and
(8) A lessened possibility of an inconsistent result.

4

*See Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984). The Court finds equitable remand appropriate on at least two grounds. *See* 28 U.S.C. § 1452(b).

The first is prejudice. Cortez is a terminally ill Louisiana resident who sued J&J on state-law claims in state court. Her claims had been pending for almost six months at the time J&J removed them; had J&J not done so, Cortez would have received an expedited trial setting. *See* LA. CODE CIV. PROC. art. 1573. Compelling her to litigate her Louisiana-law claims in a Delaware court based on attenuated links to a non-party's bankruptcy would prove unduly prejudicial.

The second is comity. This is a case between non-diverse parties involving the application of Louisiana tort law. A Louisiana court should adjudicate it. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971) ("[T]he National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.").

\* \* \*

J&J has not convinced the Court that it should exercise jurisdiction over the Louisiana-law claims of a Louisiana-citizen plaintiff based on a non-party's Delaware bankruptcy.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Remand (Doc. 9)** is **GRANTED**. A separate Order of Remand shall issue.

Baton Rouge, Louisiana, this 20th day of June, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**